UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
DAVID P. READ,                :    10 Civ. 8428 (WHP)
                              :
            Plaintiff,        :    MEMORANDUM & ORDER
                              :
       -against-              :
                              :
THOMAS ZUGIBE, *in his capacity as* :
*Rockland County District Attorney*, et al., :
                              :
            Defendants.       :
                              :
------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/21/12
```

WILLIAM H. PAULEY III, District Judge:

Plaintiff pro se David Read ("Read") moves under Federal Rule of Civil Procedure 60(b) for relief from this Court's April 5, 2011 Memorandum & Order dismissing his complaint (the "April 5 Order"). For the following reasons, Read's motion is denied.

BACKGROUND

Read brought this action under 42 U.S.C. § 1983, alleging civil rights violations arising from his criminal contempt and assault convictions in Rockland County Court. Read v. Zugibe, No. 10 Civ. 8428 (WHP), 2011 WL 1642049, at *1 (S.D.N.Y. Apr. 5, 2011). On April 5, 2011, this Court granted Defendants' motion to dismiss the complaint. This Court determined that it lacked jurisdiction over Read's claims because "[u]nder the Rooker-Feldman doctrine, federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." Read, 2011 WL 1642049, at *1 (quoting Phillips ex rel. Green v. City of New

1

York, 453 F. Supp. 2d 690, 712-13 (S.D.N.Y. 2006)) (internal quotation marks omitted). This Court also held that Read's claims were barred by the rule that "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement." Read, 2011 WL 1642049, at *2 (quoting Wilkinson v. Dotson, 544 U.S. 74, 78 (2005)) (internal quotation marks omitted).

By Order dated December 29, 2011, entered as a mandate on March 14, 2012, the Court of Appeals dismissed Read's appeal of the April 5 Order, holding that "the appeal lacks an arguable basis in law or fact." (ECF No. 52.) Read now seeks relief from the April 5 Order on the basis of "newly discovered evidence." Fed. R. Civ. P. 60(b)(2). He contends that, absent such relief, the April 5 Order will count as a "strike" against him under the Prison Litigation Reform Act (the "PLRA"). See 28 U.S.C. § 1915(g).

## DISCUSSION

### I. Legal Standard

Rule 60(b) provides that a district court may relieve a party from a final judgment or order in five enumerated circumstances and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." Mendell in behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990).

For a movant to prevail under Rule 60(b), "(1) there must be highly convincing evidence in support of the motion; (2) the moving party must show good cause for failing to act sooner; and (3) the moving party must show that granting the motion will not impose an undue

hardship on any party." Esposito v. New York, No. 07 Civ. 11612 (SAS), 2010 WL 4261396, at *2 (S.D.N.Y. Oct. 25, 2010) (citing Kotlicky v. U.S. Fid. Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)) (internal punctuation omitted). "The heavy burden for securing relief from final judgments applies to pro se litigants as well as those represented by counsel." Broadway v. City of New York, No. 96 Civ. 2798 (RPP), 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003).

I.  Timeliness

As a preliminary matter, Read's motion is untimely. Rule 60(b) motions based on newly discovered evidence must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Here, Read filed his motion on April 13, 2012, which is more than one year after the April 5 Order. Accordingly, Read's motion is time-barred.

II.  "Newly Discovered Evidence" and PLRA "Strike"

Read's motion fails on the merits as well. This Court dismissed Read's complaint on purely legal grounds, not based on a lack of evidence. The "newly discovered evidence" that Read mentions is irrelevant because this Court lacks jurisdiction over Read's claims. See Read, 2011 WL 1642049, at *1-*2. Nor does Read's motion succeed under Rule 60(b)(6), which permits a party to seek relief for "any other reason justifying relief from the operation of the judgment." Removing the PLRA "strike" against Read is unwarranted because this Court dismissed Read's complaint on the grounds that it was "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). And the Court of Appeals agreed that this action "lacks an arguable basis in law or fact." See Neitzke v. Williams, 490

3

U.S. 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."). Accordingly, Read's Rule 60(b) motion is denied.

## CONCLUSION

For the foregoing reasons, Read's Rule 60(b) motion is denied. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to terminate the motion pending at ECF No. 56.

Dated: May 21, 2012
      New York, New York

                                SO ORDERED:

                                WILLIAM H. PAULEY III
                                      U.S.D.J.

*Copies to:*

David P. Read
Din# 10-A-5909
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011-0149
*Plaintiff Pro Se*

Charles F. Sanders, Esq.
Attorney General of the State of New York
120 Broadway
New York, NY 10271
*Counsel for the Honorable Judge Nelson*

Carl S. Sandel, Esq.
Morris Duffy Alonso & Faley
Two Rector Street
New York, NY 10006
*Counsel for the Haverstraw Defendants*